UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSE LUCIO,<br><br>    Defendant. | Case No. 4:14-CR-254-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION**

The Court has before it a motion to amend or correct a sentence filed by defendant Lucio. There is no objection by the Government.

The Court sentenced Lucio on March 29, 2016. The Court imposed a sentence of thirty-nine (39) months of incarceration to run concurrently with the thirty (36) month sentence Lucio received from a prosecution in the District of Utah. When imposing sentence here, the Judgment entered by the Court reads as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 39 months.
> The term of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment pursuant to the judgment in Docket Number 1:14-CR-00053-001-DN, in the District of Utah.
> The court makes the following recommendations to the Bureau of Prisons:
> That the defendant be credited with all time served in federal custody…

The Court's intent was to grant Lucio credit for the jail time he served since his sentence in the Utah prosecution on March 19, 2015. But the BOP determined that because the Court's "time-served" statement was in the "recommendation" section of the

**Memorandum Decision & Order – page 1**

Judgment, the BOP could ignore it and apply the standard rule that a judgment cannot run concurrently to another term of imprisonment until the judgment is entered. In other words, the BOP has determined that Lucio cannot get credit for any time served before the Judgment in this case was entered on March 29, 2016.

To effectuate the Court's intent, Lucio urges the Court to amend its Judgment to remove the "time served" language from the "recommendation" section and place it directly within the "term of imprisonment" section. He asserts that the BOP will likely reverse its earlier ruling (that relied on that language being in the "recommendation" section) and grant him time served back to March 19, 2015, the date he was sentenced on the Utah charge.

The motion is not governed by the strict limitations imposed by Rule 35 because the motion does not ask the Court to reduce the sentence – it merely asks the Court to move one phrase in the Judgment. The Court always has jurisdiction to amend its decisions in that manner.

The Court agrees with Lucio that the Court's intent was to grant him credit for the jail time he served since his sentence on the Utah prosecution on March 19, 2015. The Court will accordingly grant his motion and order that the Judgment be amended.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend or correct (docket no. 36) is GRANTED.

IT IS FURTHER ORDERED, that the Clerk is directed to prepare an Amended Judgment that moves the existing phrase ("that the defendant be credited with all time served in federal custody") from the "recommendation" section to the section immediately above, so that it reads as follows: "The term of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment pursuant to the judgment in Docket Number 1:14-CR-00053-001-DN, in the District of Utah, and that the defendant be credited with all time served in federal custody."

DATED: April 27, 2017

B. Lynn Winmill
Chief Judge
United States District Court