UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSE LUCIO,<br><br>    Defendant. | Case No. 4:14-CR-254-BLW<br><br>**ORDER** |

In a recent decision, the Court granted a motion to amend or correct a sentence filed by defendant Lucio, and approved his proposed amendment of his sentence. *See Memorandum Decision (Dkt. No. 39).* The Court's decision was prompted by the BOP's refusal to recognize the Court's intent to grant Lucio credit for time served back to March 19, 2015, apparently because the Court had placed its direction in the "recommendation" section of the original Judgment rather than under the "terms of imprisonment" section – at least that is what Lucio argued. He asserted that if the Court was to move the time-served language to the "terms of imprisonment" section, the BOP would be more likely to effectuate the Court's intent. The Court granted Lucio's motion and directed the Clerk to issue an Amended Judgment moving the language granting credit for time served to the "terms of imprisonment" section. *See Amended Judgment (Dkt. No. 40).*

However, the BOP has now (through a telephone call) informed the Court that even this amendment will not effectuate the intent of the Court. The BOP states that it cannot start the running of the sentence at any time prior to its date of imposition, which

**Memorandum Decision & Order – page 1**

is March 29, 2016.  The BOP states that the only way the Court's intent can be realized is to sentence Lucio to 24 months and 26 days.  That will essentially give him credit for time served back to March 19, 2015, which was the intent of the Court all along.

The Court informed both sides of the BOP's position.  Neither side has any objection to issuing a Second Amended Judgment imposing a sentence of 24 months and 26 days.

The motion is not governed by the strict limitations imposed by Rule 35.  The length of the sentence originally intended by the Court is unchanged even though the months imposed has changed.  The Court always has jurisdiction to effectuate its original intent in imposing the length of sentence.

The Court will accordingly direct the Clerk to issue a Second Amended Judgment that imposes a sentence of 24 months and 26 days on the defendant.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Amended Judgment (docket no. 40) be AMENDED.

IT IS FURTHER ORDERED, that the Clerk is directed to prepare a Second Amended Judgment that (1) imposes a sentence of 24 months and 26 days imprisonment instead of the 39 months imprisonment, and (2) removes the language "and that the defendant be credited with all time served in federal custody."



DATED: June 6, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court