UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ANGEL LUCIO,<br><br>Defendant. | Case No. 4:14-cr-00254-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant's request for consideration under the First Step Act (Dkt. 75). For the reasons explained below, to the extent Defendant requests a reduction to his sentence based on the First Step Act, the Court will deny the request. Otherwise, the Court will direct the Clerk to forward a copy of Lucio's inquiry to counsel of record.

# BACKGROUND

Defendant was previously sentenced to 24 months and 26 days' imprisonment, to be followed by 3 years' supervised release, for a violation of 18 U.S.C. § 922 (g)(1), Unlawful Possession of a Firearm. *See Second Am. Jdgmt.,* Dkt. 42, at 2. The defendant's supervision began on June 20, 2017. He violated the

terms of supervision and was sentenced to 24 month' incarceration with no term of supervision to follow. *See June 29, 2018 Judgment,* Dkt. 68, at 2. This term of incarceration was ordered to run consecutively to Lucio's 120-month sentence, which was imposed in a different criminal case in this district. *See id.* ("The term of imprisonment imposed by this judgment shall run consecutively to the defendant's term of imprisonment pursuant to the judgment in Docket Number 4:17CR00293-001, District of Idaho.").

## ANALYSIS

Mr. Lucio asks for consideration under the First Step Act of 2018, which was signed into law on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Title IV of the Act, labeled "Sentencing Reform," (1) reduced certain mandatory minimum penalties in 18 U.S.C. § 841; (2) diminished the severity of offense "stacking" under 18 U.S.C. § 924(c); (3) retroactively applied the Fair Sentencing Act of 2010; and (4) broadened the existing § 3553(f) safety valve, offering more offenders relief from specific mandatory minimum incarceration terms.

Mr. Lucio's motion does not focus on any particular part of the First Step Act; instead, he generally asks the Court to consider whether he is eligible for any relief under the Act. According to the Court's review of the record in this case, Mr.

Lucio cannot take advantage of the First Step Act. The Ninth Circuit recently held that the First Step Act does not authorize plenary re-sentencing proceeding in which a defendant's career offender status can be reconsidered. *United States v. Kelley*, 962 F.3d 470 (9th Cir. 2020). Rather, district courts may apply the First Step Act retroactively only in limited situations which are not applicable here. Accordingly, the Court will deny the request.

In an abundance of caution, however, the Court will also direct that the letter filed with the Court be forwarded to Lucio's sentencing counsel. (Lucio's letter indicates that he does not have his attorney's contact information.) If counsel wishes to file a motion for reconsideration of this order, or if he wishes to file a motion in *United States v. Lucio,* Case No. 4:17-cr-00293-DCN, he is free to do so. By allowing such a motion, the Court is not suggesting it would be successful. To the contrary, the Court does not see an avenue for relief for Lucio under the First Step Act.

## ORDER

IT IS ORDERED that:

1. Defendant's request for relief under the First Step Act (Dkt. 75) is **DENIED WITHOUT PREJUDICE.**

2. The Clerk is directed to send a copy of the letter request (Dkt. 75) and

MEMORANDUM DECISION AND ORDER - 3

this Order to attorney David Parmenter.

DATED: September 14, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**